UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in compliance with D.N.J. LBR 9004-2(c)**

Mitchell B. Seidman, Esq.
Andrew Pincus, Esq.
Maria Arnott, Esq.
**SEIDMAN & PINCUS, LLC**
777 Terrace Avenue, Suite 508
Hasbrouck Heights, New Jersey 07604
Telephone: (201) 473-0047
Facsimile: (201) 288-7009
*Attorneys for Hanover Bank, successor by acquisition to Savoy Bank*

| | |
|---|---|
| HOBBY LOBBY MARINE LLC,<br><br>                    Debtor-in-Possession. | Case No. 22-19381 (KCF)<br><br>Chapter 11<br>(Subchapter V)<br><br>Honorable Kathryn C. Ferguson |

# OBJECTION TO THE FIRST AMENDED PLAN OF LIQUIDATION
## OF HOBBY LOBBY MARINE LLC BY OF THE
## HANOVER BANK, SUCCESSORY BY ACQUISITION TO SAVOY BANK

Hanover Bank, successor by acquisition to Savoy Bank (the "Bank"), a secured creditor in this case, by and through its undersigned counsel, Seidman & Pincus LLC, hereby files this Objection to the First Amended Plan of Liquidation (the "Objection") of the above-captioned debtor and debtor-in-possession Hobby Lobby Marine LLC (the "Debtor"). In support of this Objection, the Bank respectfully represents as follows:

## RELEVANT FACTUAL BACKGROUND

1. The Debtor is a New Jersey limited liability company which owns commercial real property and business assets located at 1427 Bay Avenue, Toms River, New Jersey 07208 and 40 Wilkins Road, Toms River, New Jersey 07208 (collectively, the "Property").  The Property consists of consists of, among other things, a marina with approximately 2.8 acres of land and riparian rights, 84 boat slips and a main building that is comprised of, among other things, a repair shop and sales and management offices.

2. The Bank is a secured creditor in this proceeding by virtue of an August 24, 2020 commercial mortgage loan made by Savoy Bank to the Debtor. The loan, in the amount of $2,100,000, was guaranteed by the Debtor's principals, Robert Tweer and Thomas Tweer (together, the "Tweers") and is evidenced by a commercial mortgage note, mortgage, assignment of leases and rents, and absolute and unconditional guaranties by the Tweers.

3. Following the Debtor's default under the note and mortgage and the Tweers' default under their guarantees, the Bank commenced an action on the note and guaranty in the Superior Court of New Jersey, Law Division, Ocean County (Docket No. OCN-L-002269-21), against the Debtor and the Tweers. On May 4, 2022, a Judgment was entered in the Law Division in favor of the Bank against the Debtor and the Tweers, jointly and severally, in the amount of $2,401,598.23. Pursuant to the terms of the judgment, interest, attorney's fees and costs continue to accrue post-judgment.

4. In addition, the Bank commenced an action to foreclose the mortgage on the Property in the Superior Court of the State of New Jersey, Ocean County, Chancery Division, under Docket No. SWC-F-004705-21.  On June 7, 2022, a final judgment of foreclosure was

entered in the foreclosure action in favor of the Bank and against the Debtor and the Tweers granting Hanover a final judgment of foreclosure as to the Debtor's Property.

5. A Sheriff's sale of the Property was scheduled for November 29, 2022.

6. On November 28, 2022 (the "Petition Date"), just a day before the scheduled Sheriff's sale, the Debtor filed a voluntary petition for relief under chapter 11 (Subchapter V) of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

7. On February 17, 2023, the Debtor filed a (i) Motion to Approve Bidding procedures to effectuate the sale of the Debtor's Property (the "Bidding Procedures Motion"), (ii) an application to retain a professional auctioneer (the "Auctioneer Motion"), and (ii) an initial Chapter 11 Small Business Subchapter V Plan. The Auctioneer Motion was granted by order dated March 1, 2023 and the Bidding Procedures Motion was granted by order dated March 2, 2023.

8. On April 18, 2023, the Court entered a Fifth Interim Order Authorizing the Use of Cash Collateral (the "Fifth Cash Collateral Order") authorizing the use of cash collateral through May 31, 2023, the proposed date for the post-auction closing on the Property. A final hearing is scheduled for May 18, 2023.

9. On May 8, 2023, the U.S. Trustee moved for an order converting the case to Chapter 7, or, in the alternative, dismissing the case based the advice of Debtor's counsel that the property insurance for the Property has lapsed due to non-payment by the Debtor. The Trustee's motion is returnable on May 16, 2023.

10. On May 10, 2023, the scheduled auction of the Property was held with the highest bid being $2,100,000. Counsel is advised that the Debtor's vehicles, with a value of $19,325 as set forth on Exhibit A of the Plan, were excluded from the auction. A final hearing to approve the sale is scheduled for May 16, 2023.

**The First Amended Plan of Liquidation**

11. The Debtor filed its First Amended Plan of Liquidation ("Plan") on February 24, 2023. The Plan proposes, among other things, (a) the payment in full of all allowed administrative expenses incurred in the bankruptcy case which the Debtor has estimated to be $490,600; (b) payment in full of all allowed priority claims of the United States Department of Treasury -- Internal Revenue Service and New Jersey Division of Taxation; (c) payment of allowed secured claims; and (d) to the extent funds remain, a pro-rata distribution first to creditors holding allowed general unsecured claims and then to equity holders. The Debtor's sole means to fund the Plan is from the proceeds of the auction sale of the Property.

**OBJECTION**

12. Hanover objects to the Plan to the extent it provides for payment of all administrative claims including post-petition fees and expenses to professionals out of the proceeds of the sale of the Property, which Property and proceeds are Hanover's collateral. Hanover agreed to a carve-out for professional fees only to the extent provided for in the Fifth Cash Collateral Order. Hanover reserves the right to object to any application for administrative claims, including professional fees, to the extent such application seeks fees beyond that provided for in the Fifth Cash Collateral Order.

13. Additionally, Hanover objects to the characterization of its secured claim as Unimpaired in Article 2 of the Plan, as Hanover's claim is Impaired. Further, Hanover notes that the Plan refers to the initial proof of claim filed by Hanover in the amount of $2,425,741.94. The initial proof of claim was amended by an amended proof of claim filed on March 27, 2023 in the amount of $2,561,896.59.

**WHEREFORE,** the Bank respectfully requests that the Court sustain the foregoing Objection and grant such other and further relief as this Court deems just and proper.

Dated:      May 11, 2023

                                        **SEIDMAN & PINCUS, LLC**

By:      */s/ Maria Arnott*
           Mitchell B. Seidman
           Andrew Pincus
           Maria Arnott

777 Terrace Avenue, Suite 508
Hasbrouck Heights, New Jersey 07604
Telephone: (201) 473-0047
Facsimile: (201) 288-7009
Email: ma@seidmanllc.com

*Attorneys for Hanover Bank, successor by acquisition to Savoy Bank*

Z:\Bank Savoy v. Hobby Lobby\Bankruptcy\Obj to Plan\Objection to Plan.docx